```
McGREGOR W. SCOTT
United States Attorney
SAMUEL WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2772
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>       Plaintiff, <br>   v. <br> JAVIER GARCIA, <br>       Defendant. | CR. NO. 2:07-CR-473 WBS <br><br> AMENDED STIPULATION AND ORDER FOR MENTAL EXAMINATION OF DEFENDANT JAVIER GARCIA PURSUANT TO 18 U.S.C. § 4241 AND TO EXCLUDE SPEEDY TRIAL ACT TIME <br><br> COURT:  Hon. William B. Shubb |

Whereas, Daniel B. Clymo, Esq., attorney for defendant Javier Garcia, visited his client at the Sacramento County Jail and found that:

    1.  Defendant appears depressed such that he is unable to communicate fully with counsel;

    2.  Defendant appears unable to weigh rationally the evidence against him; and

    3.  Defendant appears unable to decide rationally whether to accept a plea bargain rather than go to trial.

It is hereby stipulated by and between the United States and Javier Garcia, through their respective counsel, subject to the approval of the Court, that:

    1.  The Court order that the Bureau of Prisons designate a

suitable facility closest to the Court, unless impracticable, to perform a psychiatric or psychological examination of Garcia by a licensed or certified psychiatrist or psychologist; and

2.    The Court order that the Bureau of Prisons complete the psychiatric or psychological examination and its report within thirty days of the designated facility's receipt of Garcia.  The report shall contain those matters required under 18 U.S.C. § 4247(c).  However, the director of the facility may apply for a reasonable extension to complete the examination and report, not to exceed an additional fifteen days, upon a showing of good cause that the additional time is necessary to observe and evaluate Garcia.

The parties recognize that upon issuance of the order contemplated by this stipulation, the Bureau of Prisons will need reasonable time to find and designate a suitable facility to perform the mental competency examination, and the United States Marshals Service will need reasonable time to transport Garcia to the designated facility and also to return Garcia to this District upon completion of the examination.

The parties also desire reasonable time to review and consider any report prepared by the Bureau of Prisons regarding the mental competency of Garcia, and Garcia's counsel desires reasonable time to consult with his client, before the Court conducts its hearing to determine Garcia's mental competency to stand trial.

With the above-described time considerations in mind, the parties respectfully request that the Court tentatively schedule

2

a hearing to determine the mental competency of Garcia, pursuant to 18 U.S.C. § 4241(a), on May 12, 2008, at 8:30 a.m.  In the event that unanticipated developments occur that allow the advancement or require the postponement of the hearing to determine Garcia's mental competency, the parties will request an adjustment of the hearing date and time.

The parties further stipulate that:

1. The previously set January 22, 2008, at 8:30 a.m. status conference date shall be vacated; and

2. The time from the date of the parties' earlier-filed stipulation, January 16, 2008, until the Court rules on Garcia's competency to stand trial shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(1)(A), and 18 U.S.C. § 3161(h)(8)(B)(vi), and Local Codes A (mental competency determination) and T4 (defense preparation).

DATED: January 28, 2008             McGREGOR W. SCOTT
                                    United States Attorney

                                    /s/ Samuel Wong

                                By: _____
                                    SAMUEL WONG
                                    Assistant U.S. Attorney

DATED: January 28, 2008

                                    /s/ Daniel B. Clymo

                                By: _____
                                    DANIEL B. CLYMO
                                    Attorney for defendant
                                    JAVIER GARCIA

<u>ORDER</u>

Pursuant to stipulation of respective counsel for the parties, and good cause appearing therefrom, the Court adopts the stipulation of the parties in its entirety as its ORDER.

Based on the parties' stipulation, the Court specifically finds that there is reasonable cause to believe that Javier Garcia may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense within the meaning of 18 U.S.C. § 4241(a).

Pursuant to § 4241(b), the defendant is referred to the Bureau of Prisons for a psychiatric or psychological examination for a reasonable period of time, not to exceed thirty days, unless extended by further Court order, and report in accordance with the provisions of 18 U.S.C. § 4247(b) and (c) to assist the Court in determining the defendant's mental competence.

Under § 4247(b), the psychiatric or psychological examination shall be completed by a licensed or certified psychiatrist or psychologist.  The examining psychiatrist or psychologist shall prepare a report which shall be submitted to the Court with copies to the attorney for the United States and the attorney for the defendant, as follows:

```
Attorney for the government:
Samuel Wong
Assistant U.S. Attorney
501 I Street, Room 10-100
Sacramento, CA  95814
(916) 554-2772
```

1     Attorney for defendant:
    Daniel B. Clymo
2     Attorney at Law
    1812 J Street, Suite22
3     Sacramento, CA 95814
    (916) 447-1200

    The report shall include the following information required under § 4247(c), including:

1. The defendant's history and present symptoms;
2. A description of the psychiatric, psychological, and medical tests that were employed and their results;
3. The examiner's findings; and
4. The examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

    The Court finds that additional time is necessary for the Bureau of Prisons to conduct its examination of Garcia's mental competency, report back to the Court and both counsel the Bureau's findings and recommendations, and for defense counsel to consult with his client regarding the Bureau's findings and recommendations.  The Court specifically finds that:  (1) the ends of justice served by the granting of such continuance outweigh the best interests of the public and Garcia in a speedy trial; and (2) the failure to grant the trial continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    The Court further ORDERS that the previously set January 22, 2008, at 8:30 a.m. status conference is continued to **May 12, 2008**

1  **at 8:30 a.m.**   The Court further ORDERS that time from the date
2  of the parties' earlier-filed stipulation, January 16, 2008, and
3  continuing until the Court rules on Garcia's competency to stand
4  trial shall be excluded from computation of time within which the
5  trial of this matter must be commenced under the Speedy Trial Act
6  pursuant to 18 U.S.C. § 3161(h)(1)(A), and 18 U.S.C. §
7  3161(h)(8)(B)(vi), and Local Codes A (mental competency
8  determination) and T4 (defense preparation).
9  DATED:   January 28, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE